KING ARTHUR RESTAURANT, INC., Plaintiff, *v.* LONDON TERRACE, INC., Appellant, and HANS JAEGER, Respondent.

First Department, February 2, 1948.

*Maurice Finkelstein* for appellant.

*Bernard Meyerson* of counsel (*Bernard P. Levy*, attorney), for respondent.

PECK, P. J. Appellant is the lessor and respondent the lessee of premises used as a restaurant under a ten-year lease dated February 4, 1941, providing for an annual rent of $10,000 plus a percentage of the tenant's sales. In 1944, the parties modified the rent to a straight $10,500 for the year beginning March 1, 1944, all other covenants of the lease remaining in full force and effect. In 1945, the parties made a similar modification for the year commencing March 1, 1945. In 1946, respondent assigned the lease to the plaintiff in this action. Appellant demanded payment of rent, for the period subsequent to March 1, 1946, at the regular rate of $10,000 a year plus a percentage of sales. Plaintiff instituted this action against appellant for a declaratory judgment, seeking a declaration that the percentage rent clause was inoperative by virtue of the rent modification in effect on June 1, 1944, the rent freeze date under the Emergency Rent Law, and that rent in excess of the emergency rent plus 15% could not be required. Appellant counterclaimed for rent due under the lease, including the percentage rent, and joined respondent as a party defendant. The controversy between appellant and plaintiff was settled and severed. Appellant moved for summary judgment on its counterclaim against

respondent, and respondent cross-moved to dismiss the counter-claim. The court at Special Term denied appellant's motion and granted respondent's motion.

Appellant's contention is twofold: (1) that under section 13 of the Business Rent Law (L. 1945, ch. 314), providing that leases wherein the rent or any part thereof is variable according to the volume of the tenant's business shall continue without change, the lease in question is exempt from the Business Rent Law; (2) that the lease is also exempt from the operation of the law under the 1946 amendment to section 13 (L. 1946, ch. 273) whereby leases in force since on or before June 1, 1944, wherein the rental is in a graduated scale, shall determine the rent payable during the term of such leases.

If appellant is correct in either contention, it is entitled to summary judgment. If the rent under the lease is variable, appellant is entitled to payment of rent in accordance with the provisions of the lease from March 1, 1946. If the lease may not be termed one wherein the rent is variable, but the rent is on a graduated scale, appellant is entitled to rent in accordance with the graduated scale, beginning March 30, 1946, the effective date of the 1946 amendment. The only difference in appellant's success on either ground is thus one month's percentage rent.

The learned court at Special Term held that the lease did not fall within the statutory exception of a lease wherein the rent *is* variable (italics supplied by Special Term) because on the effective date of the amendment creating that exception the rent was not variable but was fixed by the rent modification then in force. The court held that to come within the exemption, a variable rent must be in operation on the effective date of the amendment, and that the exemption does not apply to a lease in which the variable rent provision is to become effective in the future. The court did not pass upon the question of whether the lease provided for rent in a graduated scale.

The court cited *Adams* v. *Riker Operating Company, Inc.* (296 N. Y. 521), in which the rental fixed by the lease would be $325 per month for the period from March 1, 1944, to February 28, 1946, but the parties' had agreed on a modification for the two-year period commencing March 1, 1943, at $250 a month. Special Term there held that the rental to be paid following February 28, 1945, was the freeze date (June 1, 1944) rental of $250 plus 15%. The order, affirmed by the Court of Appeals, was entered prior to the effective date of the 1946 amendment relating to leases providing for rent in a graduated scale.

We believe that the tense employed in the statute, exempting leases wherein the rent *is* variable, does not rule out a lease providing in part for a variable rent simply because the rent may not have been variable at the moment the amendment went into effect. The exemption is an expression of policy to be applied to a type of lease for the prospective period in which the statute is in effect. A lease must be read and considered as a whole and the statute applied accordingly.. When the lease and the statute refer to rent, they encompass all the provisions for rent payable throughout the term of the lease. If the rent is not a fixed rent for the full term but is subject to variation from time to time, the rent is variable. The fact that at a particular time the rent may be fixed does not alter the fact that the lease is one wherein the rent is variable. We believe that the lease in question falls within both the letter and intent of the exception and is not subject to the emergency rent formula.

While the rent is not graduated in the usual sense of progressing up or down by a series of steps, the lease comes within the scope of what we deem was intended by the Legislature in exempting graduated leases from the rent law. The policy and reason behind both the variable rent and graduated scale exceptions would seem to be the same — to leave in force and effect, for the remainder of their terms, leases where the rent is not fixed for the entire term but is subject to variations which would make it unfair to take any one date as determining the emergency rent. The two types of leases are akin and should be treated alike in this respect. The Legislature has so treated them and the intention indicated of not freezing rent in a lease where the rent graduates (although it does not graduate on the freeze date), applies equally to a lease where the rent is variable according to the volume of the tenant's business. Thus, whether or not the lease in question comes within the description of a lease with a graduated scale of rent, the 1946 amendment relating to such a lease is an aid to construing the amendment relating to variable rent. The purpose in both cases is to avoid making the rent payable on the freeze date controlling. That purpose can be served in the present case only by enforcing the lease in accordance with its terms.

The order and the judgment appealed from should be reversed, with costs to the appellant, the cross-motion of defendant Hans Jaeger for summary judgment denied and the motion of defendant, London Terrace, Inc., for summary judgment against defendant Hans Jaeger granted and judgment directed to be entered accordingly.

GLENNON, DORE and SHIENTAG, JJ., concur; VAN VOORHIS, J., concurs in result on the ground stated in the opinion, with respect to the rent being variable in its nature.

Order and judgment unanimously reversed, with costs to the appellant, the cross-motion of defendant Hans Jaeger for summary judgment denied and the motion of defendant, London Terrace, Inc., for summary judgment against defendant Hans Jaeger granted and judgment directed to be entered accordingly. Settle order on notice.