CITY BANK FARMERS TRUST COMPANY, as Sole Surviving Trustee under an Agreement between SARAH S. DARELL and said CITY BANK FARMERS TRUST COMPANY, Plaintiff, *v.* SECONSET CORPORATION, Defendant.

Supreme Court, Special Term, New York County, February 6, 1948.

*Edwin W. Cooney* and *Milton R. Friedman* for plaintiff.

*Granville Whittlesey, Jr.,* and *Douglas V. Lewis* for defendant.

BOTEIN, J. This is a motion made by the plaintiff for judgment on the pleadings under rule 112 of the Rules of Civil Practice, in an action brought for a declaratory judgment and certain incidental relief, and involving the impact of the emergency rent laws upon a lease between the parties covering certain commercial property owned by the plaintiff. The lease in question covers an entire building, of which the defendant subleases all except so much as is required for the common use of its tenants. The lease was made on April 1, 1929, for a period of twenty-one

years. The rent reserved was $30,000 per annum to March 31, 1936, $33,000 per annum to March 1, 1943, and $36,000 to the end of the term. On April 1, 1942, the lease was modified for a period of two years. Under the modification agreement the rent was reduced to $10,000 per annum, plus a percentage of defendant's receipts. The modification was later extended to March 31, 1946.

Therefore, at the time when the emergency rent laws became effective, the modification agreement, with its provisions for reduced rent, was in force and, also, the date for the final increase in rent, as provided in the lease, had gone by. The plaintiff urges that the expiration of a temporary rent reduction agreement reinstates thenceforth the rent as stipulated in a lease providing for rentals in a graduated scale. It cites, in support of its contention, section 14 of the Commercial Rent Law and section 13 of the Business Rent Law, which provide: '' The provisions of any lease in force since on or before March first, nineteen hundred forty-three [June 1, 1944, under Business Rent Law], wherein the rental stipulated is in a graduated scale, shall determine the rents payable during the term of such lease *notwithstanding the subsequent modification of any of its terms* ''. (Italicized portion added by L. 1947, chs. 822, 823, eff. April 12, 1947.)

The defendant contends that as of the statutory '' freeze date '' the instant lease was no longer a '' graduated lease,'' since the last graduation provided for therein was *prior* to said '' freeze date.'' For this position it relies upon the holding in *Adams* v. *Riker Operating Co.* (270 App. Div. 755, affd. 296 N. Y. 521) in which case the facts were quite similar to those in the instant case.

The motion must be granted. It would appear that leases with graduated rental scales, whether subject to modification agreements or not, were intended by the Legislature to be excluded from the '' rent freeze '' provisions of the emergency rent laws (L. 1945, ch. 3, § 13, renum. § 14 and amd. by L. 1945, ch. 315, § 4, as last amd. by L. 1947, ch. 822, § 1; L. 1945, ch. 314, § 13, as last amd. by L. 1947, ch. 823). For the crystallization of the legislative intent in this regard, see New York Legislative Documents No. 46 of 1946 (p. 12) and No. 55 of 1947 (p. 14).

Defendant's contention that *Adams* v. *Riker Operating Co.* (270 App. Div. 755, affd. 296 N. Y. 521, *supra*) is authority for the proposition that this lease in which the last rental graduation purported to be due prior to the '' freeze date '' of the emergency rent laws is not a graduated lease within the meaning of these statutes, is not upheld by *King Arthur Restau-*

*rant* v. *London Terrace, Inc.* (273 App. Div. 233). In the last-cited case Presiding Justice PECK discusses this proposition comprehensively, and comes to the conclusion (p. 236) that " The purpose [legislative] * * * is to avoid making the rent payable on the freeze date controlling."

Judgment is, therefore, directed in plaintiff's favor, declaring this lease to be without the " rent freeze " provisions of the emergency rent laws and for the difference between the rent paid since the expiration of the modification agreement and that called for by the lease with interest, but without costs. Settle judgment accordingly.