160 FIFTH AVE. CORP., Landlord, *v.* RAYMOND SERVICE, INC., Tenant.

160 FIFTH AVE. CORP., Plaintiff, *v.* RAYMOND SERVICE, INC., Defendant.

Supreme Court, Special Term, New York County, July 2, 1948.

*Stanley J. Mayer* for landlord, plaintiff.

*Robert Moers* and *Alfred J. Talley* for tenant, defendant.

SCHREIBER, J. This involves a consolidated action and special proceeding which were simultaneously commenced by the landlord of 160 Fifth Avenue, Manhattan, against the tenant of the entire third floor in that building.

A lease for the premises was entered into on February 4, 1944, for a term beginning on August 1, 1944, and ending on January 31, 1950, at an annual rental of $7,200, payable in monthly installments of $600. Since February 1, 1945, the tenant has been paying rent at the rate of $6,078.96 per annum (representing a 15% increase over the annual rent payable by a former tenant as of March 1, 1943, the " freeze " date with regard to commercial space).

The lease provides for the use of the premises as " Executive Offices, General Offices and Stock Rooms ", including the conduct of tenant's " letter shop and direct-by-mail business, and for production required therefore [*sic*], of lettershop and direct-by-mail items, also of announcements, advertising and other graphic matter."

Two causes of action are set forth in the complaint. The first seeks a declaratory judgment that the premises are being used for " business purposes " (as distinguished from " commercial purposes "), that the lease of February 4, 1944, " was in force " on June 1, 1944, as referred to in the Business Rent Law (L. 1945, ch. 314, as amd.) and that the emergency rent for the " business " space is $7,200 per annum ($600 per month), plus 15% thereof.

The second cause of action is predicated upon allegations of a mutual mistake of law, whereby the tenant paid, and the landlord accepted, a monthly rental commencing with February 1, 1945, of $506.58 (15% above the rent actually paid by the former tenant on March 1, 1943). This sum is $93.42 less than the $600 monthly sum now sought by the landlord and so the landlord requests a money judgment of $2,522.34, covering a period of twenty-seven months from February, 1945.

By the special proceeding the landlord asks for an order fixing and determining the reasonable rental for the premises occupied by the tenant, either under the Commercial Rent Law (L. 1945, ch. 3, as amd.) or under the Business Rent Law.

The landlord concedes that relief by way of declaratory judgment must be denied if the premises are being used as " commercial " space, or if, though used for " offices ", as " business " space, the lease of February 4, 1944, was not " in force " on June 1, 1944. It also recognizes that its claim of " mutual mistake of law " must fall if the space was " commercial " space (result-

ing in utilizing March 1, 1943, for " freeze " date purposes) and not " business " space *and* if the lease of the former tenant is not a " graduated " lease within the statutory meaning (resulting in ascertaining the emergency rent as of March 1, 1943, in accordance with the method adopted by the parties).

The proof is clear that the tenant is engaged in the business of reproducing, processing, handling, storing, distributing and selling material used in advertising, sales promotion and publicity. The premises constitute " commercial " space and so the parties properly regarded the Commercial Rent Law — rather than the Business Rent Law — as applicable. Under the circumstances, no judgment can be made declaring that the premises are used for " business " purposes and the first cause of action is dismissed. In addition, the provisions in both statutes, relative to graduated leases, are such as to show a legislative intent to refer to leases in existence on the respective effective dates of the 1946 amendments (L. 1946, chs. 272, 273) of the statutes. The language has no application to leases which expired prior thereto, such as the former tenant's lease in this case. It follows that the parties were not in mutual error with regard to their conception of the law and, therefore, the second cause of action is also dismissed.

The foregoing disposition leaves the special proceeding for consideration; that is, is the landlord entitled to an order fixing a reasonable rental in excess of the emergency rental which the tenant has been paying to the landlord. In this connection, a net annual return of 6% on the fair value of the entire property, including the land, plus 2% of principal for amortization of any mortgage thereon, is presumed to be a reasonable return (*Schack* v. *Handel,* 271 App. Div. 1, 8).

The 1947–1948 assessed value of $475,000 does not represent the property's fair value. The landlord acquired the property in July, 1941, for $330,000, of which $40,000 was cash. This factor has been considered (*Matter of Mouakad* v. *Ross,* 191 Misc. 270; *Matter of Beekman* v. *Ross,* 191 Misc. 314) together with the particular trend since the acquisition date. When the landlord applied for a reduction in the assessed value for 1945–1946, the final determination resulted in a figure of $390,000. Consideration has been given, too, to the condition of the building and its income producing capacity. On the basis of all the testimony adduced at the trial, the fair value is deemed to be $400,000 — $200,000 for the land and $200,000 for the building. A net annual return thereon of 6% is $24,000, to which should be added $5,365 (2% on the

reduced principal amount of the mortgage of $268,250), making in all the sum of $29,365, which is fair and reasonable under all the circumstances of the case. The earnings for the twelve months prior to the institution of the proceeding, on the landlord's figures, reflect a total of $28,600. The difference between this and $29,365 is but $765. This difference is more than offset by a substantial portion of expenditures during the fiscal year, aggregating about $5,000 for plumbing, outside painting, and installing a high temperature combustion chamber in the boiler — expenditures which to an appreciable extent come within the realm of alterations and improvements, rather than repairs entirely deductible in a single year. On this basis the income is in excess of the fair and reasonable figure of $29,365.

The proceeding is, accordingly, dismissed. Settle judgment dismissing the complaint and petition on the merits.