In the Matter of BRYANT PARK BUILDING, INC., Petitioner; LOUIS B. FRUTKIN et al., Respondents.

Supreme Court, Special Term, New York County, December 15, 1948.

*Alexander Pfeiffer* and *Clarence S. Barasch* for petitioner.

*Louis B. Frutkin,* respondent in person, for respondents.

EDER, J. Motions Nos. 1234 and 1282 are considered together. This proceeding was instituted by the petitioner landlord against the respondents (tenants), under section 13 of chapter 314 of the Laws 1945, as amended, for an order fixing the emergency rent, upon the expiration of a lease between the petitioner and the respondents, wherein the rent stipulated is allegedly in a graduated scale.

The respondents by separate motion (No. 1282) move for affirmative relief for judgment on the pleadings dismissing the petition pursuant to subdivisions 2 and 5 of rule 106 of the Rules of Civil Practice that the court has not jurisdiction of the subject of the action and that the petition does not state facts sufficient to constitute a cause of action.

Petitioner's motion is denied, and respondents' motion to dismiss the petition is granted.

It appears from the petition that the respondents have occupied the space in question under a lease which commenced on May 1, 1938, and terminated on April 30, 1941; that on February 5, 1941, said lease was renewed for the period from May 1, 1941, to April 30, 1943; that on May 16, 1943, the lease was renewed for the period from May 1, 1943, to April 30, 1945, and it is alleged that the aforesaid lease and the term thereunder, as extended by said renewal agreements expired by its terms on said 30th day of April, 1945, and is no longer in force and effect.

This proceeding was instituted by the service of the petition and notice of motion December 31, 1947, and issue was joined on January 23, 1948.

The motion to dismiss is predicated on two basic grounds, viz., that the lease involved in the case at bar was for a two-year term from May 1, 1943, to April 30, 1945, whereas section 13 of chapter 677 of the Laws of 1948, so far as applicable relates to a lease for a term of more than three years, in force since on or before June 1, 1944, and, also, that the statute refers to leases in existence on the effective dates of the statutes and that same have no application to leases which expired prior thereto.

I am of opinion the contentions of the respondents are sound and must be sustained.

In response to these claims of the respondents the petitioner argues that chapter 677 of the Laws of 1948, which limits the application of the graduated lease provisions of the emergency law does not affect this proceeding which had been initiated and was pending at the time the amendment became effective; that the amendment does not affect proceedings then pending, is not retroactive in its operation and must be held to have only prospective application; that there is no requirement in the graduated rent statute providing that the graduated lease must be in force on the effective date of the original amendment relating to graduated leases.

There are a number of cases holding that the provisions in both statutes — the Commercial Rent Law (L. 1945, ch. 3, as amd.) and the Business Rent Law (L. 1945, ch. 314, as amd.), relative to graduated leases — are such as to show a legislative intent to refer to leases in existence on the respective effective dates of the 1946 amendments of the statutes and have no application to leases which expired prior thereto. Such is the recent holding, also, in *160 Fifth Ave. Corp.* v. *Raymond Service, Inc.* (194 Misc. 29) although others are referred to in the briefs.

The petitioner relies strongly on *King Arthur Restaurant, Inc.,* v. *London Terrace, Inc.* (273 App. Div. 233) which it states is authority for the proposition that the graduated lease was not required to be in existence on the effective date of the original 1946 amendment.

I do not so interpret the holding in the *King Arthur* case (*supra*) which deals with a ten-year lease, existing and in force at the time of the 1946 amendments to the emergency rent statutes and for which reason I am of opinion the law of that case is inapplicable to the factual situation here, and am unable to accept the premise advanced by the petitioner that it makes no difference whether the graduated lease had or had not expired on the effective date of the amendment.

After due reflection I have reached the conclusion that the case of *160 Fifth Ave. Corp.* v. *Raymond Service, Inc.* (*supra*); and kindred cases, cited in the brief of respondents, represent a correct view and that the provisions of the emergency rent laws relative to graduated leases and for fixing the reasonable rents thereof manifest legislative intent to refer to leases in existence on the respective dates of the 1946 amendments of

the statutes and have no application to leases which expired prior thereto, as in this case.

For the reasons here stated the petitioner's application is denied and the petition is dismissed. Settle order.