In the Matter of SEYMOUR BEEKMAN, on Behalf of Himself and Others Similarly Situated, Petitioner, against PAUL ROSS et al., Constituting the Temporary City Housing Rent Commission of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, April 5, 1948.

*Leonard Kommel* and *M. Walter Solomon* for petitioner.

*James P. Murtagh* for Paul Ross and others, constituting the Temporary City Housing Rent Commission of the City of New York, respondents.

*Louis Alfred Schwartz* for Rothley Realty Corporation, respondent.

PECORA, J. The temporary city housing rent commission, on January 8, 1948, made an order increasing the rents of certain tenants of the Hotel Franconia 16% above those charged on

November 1, 1947, and made such order retroactive as of November 1, 1947. Petitioner, a tenant of the hotel, (on behalf of himself and others similarly situated,) has brought this proceeding to review the order of the commission.

The rents of hotel tenants were frozen at the rates paid as of June 30, 1947, when Local Law No. 54 of 1947 (Administrative Code of City of New York, § U41-6.0) which created the commission, was passed. The commission was given power to correct " inequities " by adjusting such maximum rents. Seeking such an adjustment, the landlord hotel operator here filed an application with the commission, claiming that it did not receive " a reasonable return on the fair value of the investment in the hotel property ".

The application of the landlord showed its adjusted annual net profit to be $27,599.91. The commission has decided that the landlord is entitled to " 6% on the fair value of its investment ", which it found would require an additional annual rental income of $22,310.16. Hence, it ordered the 16% rental increase to effectuate such a return.

The determination of the commission that the failure of a hotel owner to earn 6% on the value placed by the commission upon the land and building, furniture and working capital— which in this case it deemed to be $872,436 — constitutes an " inequity ", is neither compelled nor warranted by Local Law No. 54.

That the formula adopted by the commission is unfair, insofar as the tenants here are concerned, is clearly demonstrated by the facts. The premises, inclusive of furniture and fixtures, were purchased by the landlord on March 10, 1945, for the sum of $420,000, consisting of $120,000 cash and a $300,000 purchase-money mortgage. Based on its actual investment in the property, the landlord is obtaining a return of about 23%, in view of its admitted net income of $27,599.91. However, by the formula used by the commission, it has predicated its conclusion of an " inequity " upon a fictitious investment of $872,436.

In so doing, the commission has made it possible to reach the grossly inequitable result attained here. A provision of the law, which was enacted to cure inequities, has thus been transformed into a procedure for insuring a return to a hotel owner of 6% upon the alleged fair value of the property, regardless of the actual amount of his investment therein. The law neither restricts a hotel operator to a 6% return upon the value of the property, nor does it guarantee such a return to him.

The economic stresses created by World War II did not all disappear with the cessation of hostilities. It is a matter of common knowledge that especially in the housing field, they have continued in an acute form. To protect the public against the greed and rapacity of landlords, various emergency acts were enacted by local, State and National Legislatures.

Our Local Law No. 54 is such a statute. It certainly was not the intent of the city council in enacting it to provide a method for rent increases. Rather was it designed to freeze maximum rentals, and to forestall profiteering, speculation and other disruptive practices. Only when full protection of tenants will work an injustice to the landlord may the commission act to correct an " inequity ".

Any determination that an inequity exists must necessarily depend upon the particular facts in each case. The adoption by the commission of a general formula which would give a 6% return to the landlord, based upon the alleged value of the property, instead of upon his actual investment, is both unlawful and arbitrary. It is not dictated by either the letter or the spirit of the law. It ignores the fundamental requirement that it must first be determined that an " inequity " exists before relief may be given to the landlord by an upward revision of rents.

In the instant case, as has been observed, the landlord receives a net income of nearly 23% upon its actual investment. For the commission to hold that such a return constitutes an inequity to the landlord which justifies an increase of rents is both unreasonable and unrealistic. The argument is suggested that where the landlord's actual investment is below the actual value of the property, he should be permitted to retain the full fruits of his bargain. This contention overlooks the fact that the landlord enjoys his bargain to the extent of reaping the unearned increment. It also erroneously assumes that one of the purposes of Local Law No. 54 is to insure a fair return to the landlord based upon the value of his property, regardless of the amount of his actual investment therein. Instead, as has been pointed out, the main objective of the law is to protect tenants, but at the same time to permit the correction of an inequity to the landlord where one is created by limiting him to the maximum frozen rentals.

In view of the very substantial return which the landlord here concededly was receiving upon its actual investment in the property, I am firmly of the opinion that the determination of the commission that an inequity existed which justified correction by any increase in rents was unreasonable, arbitrary and unlawful, and calls for the vacating of its order.

**318**

There is another element which necessitates that this matter be remitted back to the commission. In the case of *Matter of Mouakad* v. *Ross* (191 Misc. 270, involving the Hotel Martinique) my learned colleague Mr. Justice HOFSTADTER, held that due process requires that the tenants be afforded an opportunity, where a landlord seeks an increase in rents at the hands of the commission, by a hearing to enable them to test the landlord's figures and claims by cross-examination and otherwise. I am fully in accord with that view.

The application of the tenant-petitioners is, therefore, granted, the determination of the commission is annulled, and the matter remitted to the commission for such action as shall be in conformity with this decision. Settle order.