In the Matter of HERMAN ARNOFF, on Behalf of Himself and All Other Tenants of 309 West 86th Street, Similarly Situated, Petitioner, against PAUL L. Ross et al., Constituting the Temporary City Housing Rent Commission, et al., Respondents.

Supreme Court, Special Term, New York County, April 13, 1948.

*Nathan Dambroff* and *Leonard Ugelow* for petitioner.

*William L. Messing* for Paul L. Ross and others, constituting the Temporary City Housing Rent Commission, respondents.

*Edward A. Kole* and *Irving A. Oremland* for Hotel Wayne, Inc., respondent.

HOFSTADTER, J. Upon an application made by the Wayne Hotel, Inc., which operates a hotel at 309 West 86th Street, New York City, the temporary city housing rent commission, created by Local Law No. 54 of the City of New York (1947) issued an order, dated January 12, 1948, which allowed an

overall increase of 29% on the rentals to be paid by the permanent tenants of the hotel. Review is sought of the action by the commission pursuant to article 78 of the Civil Practice Act. The determination of the commission proceeded on the basis that the owner was not obtaining a 6% return on the fair value of the investment. To correct that " inequity " the increase was ordered.

It has already been held in *Matter of Berkman* v. *Ross* (191 Misc. 314 [Hotel Franconia]) that the formula adopted by the commission that failure of a hotel owner to earn 6% on the value of the hotel property is neither required nor warranted by Local Law No. 54, and that the determination of whether an " inequity " exists must be based upon the particular facts of each case. Furthermore in that case the court held that the owner was entitled to a return which was to be computed, not upon the assessed valuation, but the actual value of the investment.

In the present case the commission adopted the assessed valuation as a basis for its calculation. Furthermore, in arriving at its result the commission allowed an item of $5,447.88 for depreciation on the building, even though there was no expenditure of that amount. This court held in *Matter of Moukad* v. *Ross* (191 Misc. 270, 274 [Hotel Martinique]) that " depreciation, unless there is evidence of an actually ' depreciated value ', is not a proper cost of maintenance to be considered in making decisions under an emergency rent law." In permitting that item to enter into its calculations, the commission acted unlawfully and arbitrarily.

Finally, in both the Hotel Franconia and Hotel Martinique cases, cited above, it was held that on an application by a hotel owner to the commission for an increase of rents, the tenants are entitled to a hearing and an opportunity to test the owner's figures by cross-examination. No such hearing or opportunity was afforded to the tenants here, although their rents have been increased 29%.

The motion is, therefore, granted, the determination of the commission is annulled, and the matter remitted to the commission for such action as shall be in conformity with this decision. Settle order.