In the Matter of FRED MOUAKAD, Individually and on Behalf of Other Tenants of HOTEL MARTINIQUE, INC., Similarly Situated, Respondent, against PAUL L. ROSS et al., Constituting the Temporary City Housing Rent Commission, et al., Appellants.

First Department, June 22, 1948.

*Stanley Buchsbaum* of counsel (*Seymour B. Quel, Nathan W. Math, Alfred Weinstein, Bernard Friedlander* and *William L. Messing* with him on the brief; *John P. McGrath, Corporation Counsel,* attorney), for Temporary City Housing Rent Commission, appellant.

*Terence J. Mullen* of counsel (*Myles B. Amend* and *James O. Boisi* with him on the brief; *Amend & Amend,* attorneys), for Hotel Martinique, Inc., appellant.

*David C. Lewis* for respondent.

*Woodson D. Scott* of counsel (*Lord, Day & Lord,* attorneys), for Hotel Association of New York City, Inc., as *amicus curiæ.*

*Per Curiam.* The Temporary City Housing Rent Commission is charged under Local Law No. 54 of 1947 of the City of New York with the authority and duty of effectuating the policies of the law, including making such adjustments in maximum rents as may be necessary to correct inequalities. The commission is an administrative agency, and in its consideration of the application of the Hotel Martinique, Inc., for an increase in the rent of controlled rooms acted in an administrative capacity. The commission, in this respect at least, was not acting in a judicial capacity or as a quasi judicial body, and it was not necessary therefore that the commission hold a hearing as between the hotel and the tenants.

The tenants received notice of the application and an opportunity to take a position in respect to it. True, they did not have the opportunity that a party litigant would have to examine before trial or participate in a trial hearing, but it is doubtful whether according them such rights would be feasible, and they had as a substitute the protection of the commission, with its facilities for investigation. This appears to be a case where the tenants are seeking deliverance from their protector, but we do not find that the commission has been unfaithful to its charge.

Hotel tenants would not ordinarily have available or be able to afford the accounting and legal aid necessary to protect their interests in what would amount to a rate hearing; nor would it be desirable to subject the landlord to the individual and haphazard inquiry which the tenants might make. The commission was created to at once protect the tenants' interests, afford the landlord necessary relief, and avoid an adversary proceeding between the landlord and tenants. The commission has a staff of lawyers, accountants and investigators, presumably adequate for the purpose, and so long as it acts within the law and in a reasonable way its authority and action should be accepted.

While different calculations might be made in a case of this kind, we are unable to say that the commission's approach and action in this case were contrary to law or proper practice. The tenants object to including the restaurant, bar and stores in the calculation, and seemingly would regard the controlled rooms as a housing operation separate and distinct from the rest of the hotel, although they make no objection to including and gaining the benefit from including the transient rooms in the calculation. It appears that the controlled rooms constitute 30% of the rooms but contributed in 1946 only 24% of the income from rooms, whereas the transient rooms, constituting 70% of the rooms, contributed 76% of the room income.

A hotel is different from an apartment house, even in respect to its controlled rooms. A hotel is a combination of facilities and services, including restaurant and bar and frequently stores. The controlled rooms are part of a single operation. It is not necessary, therefore, to isolate the controlled rooms and calculate the rent which they should produce on the basis of treating them as separate and apart from the rest of the hotel. The commission should make sure, of course, that in increasing the rent of controlled rooms it does not require those rooms to bear more than their fair share of the burden of maintaining the entire operation. As it appears in this case that the rent increase ordered does no more than that, we cannot see that the

commission has departed from proper practice or imposed upon the controlled rooms any undue burden.

The order appealed from should be reversed, with $20 costs and disbursements to the appellants and the petition dismissed.

PECK, P. J., GLENNON, DORE, COHN and CALLAHAN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellants and the petition dismissed. Settle order on notice. [See *post,* pp. 877, 1033.]