In the Matter of SEYMOUR L. BEEKMAN, on Behalf of Himself and Others Similarly Situated, Respondent, against PAUL Ross et al., Constituting the Temporary City Housing Rent Commission of the City of New York, et al., Appellants.

First Department, November 1, 1948.

*Seymour R. Thaler* of counsel (*William L. Messing* and *Joseph Jay* with him on the brief; *Nathan W. Math,* attorney), for Temporary City Housing Rent Commission, appellant.

*Marvin M. Notkins* of counsel (*Louis Alfred Schwartz* with him on the brief; *Gates, Levitt & Notkins,* attorneys), for Rothlev Realty Corporation, appellant.

*Leonard Kommel* of counsel (*Leonard Kommel* and *M. Walter Solomon,* attorneys), for respondent.

*Per Curiam.* The order appealed from should be reversed and the determination of the commission reinstated (see *Matter of Mouakad* v. *Ross,* 274 App. Div. 74). We think it is implicit in the determination that the cross application for a decrease of rent based on a diminution of services was considered and passed upon by the commission. In fixing the value of property for the purpose of determining whether the landlord was receiving a reasonable return, the assessed valuation, particularly where there has been an adjudication thereof, may be treated as presumptive evidence. Of course, that presumption is not conclusive. It should be considered, however, together with any other appropriate evidence relating to value, to the nature and quality of the service rendered, and to the comparable rentals received for similar accommodations, which may be offered by a party in interest, or as the result of independent investigations of the commission itself and made part of the record. That was the procedure substantially followed by the commission in this case.

The order appealed from should be reversed, without costs.

SHIENTAG, J. (dissenting in part). I dissent in part and vote to affirm without costs and without prejudice to the renewal of an application by the tenants on the basis of alleged diminution in services. Where, in connection with an application for increased rents, tenants interpose a claim of diminution of services, the commission should make a specific finding and ruling with respect to that claim. Only in that way is a reviewing court in a position to determine whether there is any substantial basis for the conclusion of the commission. Moreover, I am of the opinion that in passing on specific applications for increased rentals, the commission is acting in a quasi-judicial capacity. The record, however, indicates that an opportunity was afforded to the tenants to file objections to the application made by the landlord, to furnish evidence thereof and to request a hearing thereon. It may be advisable that a tenant's rights in this respect should be expressed more clearly in the notice addressed to him by the commission. No hearing, of course, is required unless a substantial issue is raised by the objections.

PECK, P. J., DORE, COHN and CALLAHAN, JJ., concur in *Per Curiam* opinion; SHIENTAG, J., dissents in part in opinion.

Order reversed and the determination of the commission reinstated, without costs.