In the Matter of THEODORE B. GRANVILLE, on Behalf of Himself and Others Similarly Situated, Respondent, against PAUL Ross et al., Constituting the Temporary City Housing Rent Commission of the City of New York, et al., Appellants.

First Department, December 20, 1948.

*Ruth Ranson* for Bing & Bing Inc., appellant.

*Seymour R. Thaler* of counsel (*Joseph Goldberg* and *Joseph Jay* with him on the brief; *Nathan W. Math,* attorney), for Paul Ross and others constituting the Temporary City Housing Rent Commission, appellants.

*Leon London* of counsel (*J. L. Nicoll* and *Leon London,* attorneys), for respondent.

DORE, J. The Temporary City Housing Rent Commission and Bing & Bing, Inc., as owners of the Hotel Marcy, West End Avenue and 95th Street, borough of Manhattan, city of New York, appeal from an order of Special Term annulling the commission's determination granting 15% increase in rents of permanent tenants of the hotel occupying furnished apartments, and remitting the matter to the commission for further action.

Prior decisions of this court and the Court of Appeals (*Luftman* v. *Ross,* 273 App. Div. 888, affd. 298 N. Y. 579) held the commission had no jurisdiction over unfurnished apartments

in the hotel. On this appeal we are concerned only with the increase allowed for furnished apartments with full hotel service for permanent tenants.

Subsequent to the hotel's application, the commission sent notices to each of the tenants whose rent would be affected and a form for preparing replies or protests. Replies and protests were filed including an omnibus answer on behalf of all tenants represented by one set of attorneys demanding in writing a hearing for the presentation of evidence and an examination of the hotel's books. The commission made available for inspection by the tenants or their authorized representative, the hotel's application and supporting data on which the application was based, including statements taken from the books of the hotel's account and a certificate of a well-known and, the tenants admit, reputable firm of hotel accountants. Accountants employed by the commission also examined the hotel books and made a field audit, checking the figures and data for accuracy; and relevant findings based thereon were made and reported to the commission.

On the basis of all the evidence adduced, the commission found an inequity existed necessitating adjustment of rents in accordance with Local Law No. 54 of 1947 of the City of New York and the Commission's Regulation I, due to the failure of the hotel to earn a fair return on the fair value of its investment. In granting the 15% increase, the commission allowed for the land and building a valuation of $1,499,000, the value determined by a judicial decision in tax certiorari proceedings which was substantially less than the assessed valuation and also substantially less than a subsequent value found in a subsequent proceeding before the Supreme Court. The commission reduced the claimed value of the hotel's furniture from over $366,000 to $25,000; disallowed ground rental of $27,000; and changed earnings from a claimed $7,712 to $38,925 after rejecting many of the hotel's figures. In effect, the hotel claims that the total increase of rents on the furnished apartments approximated $25,000 per annum. Depreciation of $45,145 was allowed representing, it is claimed, the usual rate of depreciation used by the owners since the erection of the building. A gross sum of $46,371 was permitted for administrative expenses the breakdown of which is not shown in the record.

Relying on a Special Term decision relating to the Martinique Hotel (*Matter of Mouakad* v. *Ross,* 191 Misc. 270 [March, 1948], revd. 274 App. Div. 74 [June 22, 1948], after the decision herein of Special Term), the court held that full hearing was required

on numerous specified items and granted the motion to annul the commission's findings.

In the *Mouakad* case (*supra*) this court said that the commission acting on an application of this kind was in some respects at least acting as an administrative agency and pointed out that hotel tenants would not ordinarily have available or could afford the accounting aid necessary; that the commission was created to protect the tenant's interest and had a staff of accountants and investigators; and so long as it acted within the law its action should not be annulled. In that case also this court, on the state of facts disclosed in that record, approved the formula the commission used; viz., a 6% return on the fair value of the investment and making the increase retroactive to a date subsequent to the filing of the application. The formula the commission followed in this case in determining whether or not a fair return would be realized is substantially the same as the formula approved in the *Mouakad* case. Such formula, as we have elsewhere indicated, is not to be deemed inflexible or to be applied without considering all other relevant proof relating to the ultimate issue to be determined on the facts of each particular case in an application of this kind; i.e., whether an inequity exists necessitating adjustment of rents.

In determining that the tenants had the right to cross-examine, Special Term herein relied on *Matter of Beekman* v. *Ross* (191 Misc. 314, decided at Special Term, April 5, 1948). That determination was also reversed by this court (274 App. Div. 292), on November 1, 1948. In that case we held that the assessed valuation of the property, especially where there has been an adjudication thereof, may be treated as presumptive, although not conclusive, evidence, but should be considered with all other appropriate evidence of value and the nature and quality of the services rendered, comparable rentals for similar accommodations, which data may be offered by a party in interest or as the result of independent investigations made by the commission and made part of the record.

The main issue on this appeal is whether a proper hearing was granted, that is, whether the tenants were afforded a proper opportunity to meet the data and proofs offered by the landlord and considered by the commission.

In a proceeding of this kind it is fundamental that after notice of the owner's application has been given to the tenants, a hearing is necessary, at least to the extent of affording the tenants an opportunity to examine the owner's data and proof submitted to the commission and other relevant or material data in pos-

session of the commission on which it is to act, and the tenants should also be afforded an opportunity to controvert such data by proof of their own or to object to the use of evidence that may be clearly improper on any rational basis. By its Regulation I, filed with the city clerk as the regulation itself indicates on its face, on July 28, 1947, the commission provides that it may hold oral hearings with regard to any application before the commission or a deputy appointed if in its judgment such hearings are necessary. There is nothing unreasonable in such regulation. Where thousands or tens of thousands of tenants may be involved, it would not in every case be either feasible or necessary to require an oral hearing with direct and cross-examination, particularly when the facts revealed by the books are made available by impartial accountants retained by the commission or where such proofs are not seriously questioned when made by accountants, whose accuracy and reputation the tenants do not dispute. It is only where serious and substantial issues of fact relevant to the inquiry are raised and where such issues can be resolved in no other way that an oral hearing may be necessary. Of course, the discretion of the commission in granting or refusing such hearing is reviewable by the court, not for the purpose of substituting the court's judgment for that of the commission but to determine if the exercise of the commission's discretion was arbitrary, capricious or illegal.

The tenants herein filed an omnibus objection through one set of attorneys representing all of the tenants and made written, oral and timely demands for a hearing and also for permission to examine the hotel's books in relation to the claimed increase of rents. No criticism is made of the accountants, experts in hotel accountancy, who prepared and filed on behalf of the owner, data and a certification that were examined by the tenants and considered by the commission.

In this case, however, the record shows a gross item totalling over $46,000 for administrative expenses, of which no proper breakdown appears in the record. None was shown the tenants until a purported breakdown was submitted in this court as an exhibit annexed to the hotel-appellant's reply brief. Such exhibit containing data not in the record may not be considered. It does not appear whether the commission's field audit or any digest thereof was made available. The tenants also contend that the depreciation reserve was calculated at 3.2%; the owners claim that the percentage used was 2½%; we think that normally a percentage in excess of 2% should not be allowed.

The hotel's application herein was filed October 30, 1947; the commission's order is dated March 3, 1948, effective as of December 1, 1947. The effective date of the order was not retroactive in the sense that it antedated the application; and in any event, as above indicated, a similar procedure has been approved in the *Mouakad* case (*supra*).

On this record, however, issues were raised as to value, proper depreciation, and a very substantial item for administrative expenses concerning which there was no breakdown in the record or submitted to the court at Special Term. Moreover, it should be made clear that in increasing the rent of the permanent tenants in controlled rooms the increase does not require these rooms to bear more than their fair share of the burden of maintaining the entire operation (See *Matter of Mouakad* v. *Ross, supra*). At least in a record presenting such state of facts, we think it would be proper for the commission either to grant an oral hearing or to permit examination of the hotel's books only on relevant and seriously disputed items by one set of accountants representing all objecting tenants. Such examination, if allowed, should be at the tenants' expense, and, for obvious reasons wherever possible, should exclude names of individual tenants and the specific rents paid by them. As above indicated, however, if such examination of the books or other proof raises substantial issues that can be resolved only by a full oral hearing, it may be necessary in appropriate cases to grant such hearing.

Accordingly, while not adopting the reasons given by Special Term in annulling the commission's determination, or approving the scope of the inquiry Special Term directed, we think for the reasons stated that the order appealed from should be affirmed and the commission should afford the tenants' joint representatives a hearing in accordance with this opinion.

The order appealed from should be affirmed, with costs to respondents, and the matter remitted to the commission for further consideration in accordance with this opinion.

GLENNON, J. P., COHN, CALLAHAN and SHIENTAG, JJ., concur.

Order unanimously affirmed, with $20 costs and disbursements to the respondents and the matter remitted to the commission for further consideration in accordance with opinion.