In the Matter of GREYSTONE HOTEL CORPORATION, Petitioner, against CHARLES G. COSTER et al., Constituting the Temporary City Housing Rent Commission of the City of New York, Respondents.

Supreme Court, Special Term, New York County, February 4, 1949.

*Barnet S. Blume* and *Jerome E. Malino* for petitioner.

*Nathan W. Math, Joseph Goldberg* and *Herman A. Kaplan* for respondents.

PECORA, J. Application is made to restrain the temporary city housing rent commission from taking any steps to set aside or otherwise modify an order of the commission dated August 20, 1948, which granted an increase of rents as to certain permanent tenants of the Greystone Hotel. After said order was made, the tenants sought a review thereof in this court. On December 17, 1948, an order was made by Mr. Justice BOTEIN denying the application to review on the ground that the action of the commission was not shown to be capricious, arbitrary or unreasonable (citing *Matter of Mouakad* v. *Ross,* 274 App. Div. 74). Subsequently a committee of the tenants applied to the commission for a reconsideration of its determination in view of the decision of the Appellate Division in the *Hotel Marcy* case (*Matter of Granville* v. *Ross,* 274 App. Div. 491). On December 29, 1948, the attorney for the commission requested the commission to reopen the case and for a prompt hearing. The commission thereupon on December 30, 1948, issued an order to all interested parties to show cause why its order dated August 20, 1948, should not be set aside, rescinded or otherwise modified retroactively as of August 1, 1948, the effective date of the rent increase in the aforesaid order. It is this latter action which is here attacked by the hotel owner.

The question presented is whether an administrative body may on its own motion re-examine its determination after a court has sustained it and while an appeal is pending from the court's order of approval. It should be noted that the commission has not set aside the order granting an increase in the rents, but is merely making another inquiry into the facts upon which the increase was granted. After the *Matter of Granville* v. *Ross* case (*supra*) the commission re-examined the file in the *Hotel Greystone* case (*supra*) and found that the commission had allowed a depreciation expense in the sum of $33,-333.33 which resulted in giving the hotel a depreciation rate of $3\frac{1}{3}\%$; that officers' salaries of $20,000 were allowed to officers who apparently performed no duties in the operation of the hotel

warranting such salaries; that $34,490.66 had been allowed for repairs and maintenance although approximately $25,000 of that sum was probably for items that should have been depreciated over a period of more than one year; and finally that the hotel had earned a net profit of approximately $83,970 for the fiscal year ending April 30, 1948, on an investment of aproximately $666,250.32.

In the case of *Matter of Granville* v. *Ross* (*supra*) the Appellate Division had remitted the matter to the commission for reconsideration because the commission had accepted gross items for administrative expenses without a proper breakdown, and without permitting the tenants the right of examination of the hotel books on those items. Further the Appellate Division had held that a depreciation expense in excess of 2% should not normally be allowed unless the tenants were given the right to examine into such item upon a full hearing.

In granting the right to reopen the order of August 20, 1948, the commission was only conforming to the directions made in the *Matter of Granville* v. *Ross* case (*supra*). The tenants were being given an opportunity at a full hearing to present evidence and examine into the items with respect to which the Appellate Division said they had a right to inquire.

The commission was not required to wait until the Appellate Division directed it to do so in the instant case. It was not only warranted in taking immediate steps to conform to the legal requirements of the *Matter of Granville* v. *Ross* decision (*supra*) but it is to be commended for its forthrightness in perceiving that its action in the instant case had not met the standards set by the Appellate Division. It would indeed be a travesty of justice were the courts to interfere with a laudable attempt by a commission to re-examine a determination to ascertain whether it was made through inadvertent mistake or other error affecting its validity. Courts are given the power to correct unjust administrative decisions. That power will not be perverted into an instrument for the perpetuation of an error by injunction.

An administrative body, such as the commission here, has the right to set aside its findings when it appears that it has been led into error in adopting its original decision. (See *People ex rel. Finnegan* v. *McBride*, 226 N. Y. 252.) The case of *International Union of Mine, Mill & Smelter Workers* v. *Eagle-Picher Mining & Smelting Co.* (325 U. S. 335), relied on by petitioner, does not hold to the contrary. That case, decided by a divided court of five to four, did not involve an administrative proceed-

ing. The court there pointed out that the administrative proceeding had ended and had been merged in a decree of a court pursuant to the provisions of the National Labor Relations Act (U. S. Code, tit. 29, § 151, *et seq.*). Once a court had been called upon by the board to enter an order, as was required by the statute, the court then had exclusive jurisdiction to change the result. In the instant case there was no necessity for a court order nor did the commission seek one. The only thing that the court had previously decided is that the commission, under the then prevailing view, had not acted arbitrarily. This did not convert the commission's order into a court decree.

The action of the commission here is akin to the right of a court to hear reargument upon a matter where, after decision, the ruling of an appellate tribunal to the contrary is called to its attention. Inherent in any body is the power to rectify a mistake when attention is directed to it. The commission has not yet changed its decision as to an upward revision of the rents. All it has done is to give the tenants what the courts have stated to be minimal requirements of due process, namely, a hearing to test the veracity and substance of the hotel's averments and proof. Since the commission has cast doubt on the validity of its original determination, and since it appears that the commission contends that it was not aware of certain facts when it reached the initial determination, it should be given an opportunity to re-examine its conclusion in order that in trying to cure an inequity it does not do an injustice. The motion to enjoin it from so doing is in all respects denied.