Per Curiam.

The Park Royal, Inc., owner of the hotel premises here in question, appeals from a Special Term order annulling an order of the temporary city housing rent commission which on the ground of hardship had granted the hotel an increase in rents. The commission itself does not appeal but files a brief in which it does not oppose affirmance. In this case, too, no issue whatever is raised as to the commission’s complete jurisdiction.
As pointed out in Special Term’s opinion and in effect admitted by the commission, fixation in this ease of the value of the property to determine whether the owner realized a fair return was largely or practically exclusively based on the last judicially determined assessed valuation of the property. Assessed valuation, especially after an adjudication, may be treated as presumptive evidence of value but the presumption is not conclusive and such valuation is not the exclusive factor but should be considered with all other relevant evidence in determining whether any adjustment of rents should be made on the ground of hardship or inequity (Matter of Beekman v. Ross, 274 App. Div. 292).
On the other hand determination of value should not be based merely or chiefly on the owner’s cash investment or favorable bargain in the purchase of the property. If the property was bought within a reasonable time from the operative date of valuation, the purchase price may be considered with all other *906 relevant evidence of value but it isn’t a sole or controlling factor. Otherwise, if an owner had unwisely bought at an excessively high price, tenants would be unjustly burdened with higher rentals to support the owner’s bad bargain. As we have previously held, no inflexible formula is to be indiscriminately applied but the determination is to be made on all relevant evidence of value including comparable rents if available, the amount and quality of services rendered and other proof, the facts as to which will vary in each particular case (Matter of Granville v. Ross, 274 App. Div. 491, 494; Matter of Beekman v. Ross, supra).
By the order appealed from, annulment of the commission’s order was without prejudice to a new application by the hotel. We think a new application is unnecessary but that the case with all the proof adduced should be remitted to the commission for further consideration in accordance with this opinion. On such reconsideration additional data or evidence may be adduced by any party in interest or as a result of the commission’s own independent investigation made part of the record, so that the commission may properly determine the ultimate issue of whether a hardship or an inequity justifies an increase in rents. In view also of the state of facts here presented we think what we said in Matter of Granville v. Ross (supra, pp. 494-496) is applicable to this case with regard to the nature and extent of the hearing to be granted, and the opportunity to be afforded the tenants to examine the owner’s data and figures properly broken down so as to be intelligently appraised in determining value or inequity.
On the particular state of facts here adduced, we conclude that the Special Term did not err in annulling the commission’s order.
The order appealed from should be modified, without costs, so as to strike out the requirement for a new application and provide for remitting the matter to the commission for further consideration in accordance with this opinion.
Peck, P. J., Glennon, Dore, Cohn and Callahan, JJ., concur.
Order unanimously modified so as to strike out the requirement for a new application and provide for remitting the matter to the temporary city housing rent commission for further consideration in, accordance with the opinion herein and, as so modified, affirmed, without costs. Settle order on notice. • [194 Misc. 241.]