In the Matter of ALBERT PUCCIARELLI, Individually and on Behalf of All Tenants, Similarly Situated, Petitioner, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent.

Supreme Court, Special Term, Bronx County, April 12, 1954.

*Francis N. Pollack* for petitioner.

*Robert H. Schaffer, Norman S. Fenton* and *Jacob Ward* for respondent.

*Nathan B. Bernstein* for Minex Corporation, intervener-respondent.

MATTHEW M. LEVY, J. Many minute and extended objections were levelled at the commission's determination in this matter, but I shall rest my decision on only one issue.

The statute requires that " Before ordering any adjustment in maximum rents, a reasonable opportunity to be heard thereon shall be accorded the tenant and the landlord " (State Residential Rent Law, § 4, subd. 2, par. [d]; L. 1950, ch. 250, as amd. by L. 1951, ch. 443). The allowance of a hearing is discretionary with the commission, and the failure to grant one is not, without more, an abuse of discretion (*Matter of Billingslea* v. *McGoldrick,* 305 N. Y. 641; *Matter of Mouakad* v. *Ross,* 274 App. Div. 74). The question as to whether an interested party has been deprived of " a reasonable opportunity to be heard " depends upon the facts in each case (*Matter of Granville* v. *Ross,* 274 App. Div. 491).

The facts here lead me to the conclusion that the tenants in the instant proceeding had not been accorded such an opportunity, in that the accounting division of the commission did not have before it certain material filed data — which the tenants urged be presented, and which might be a basis for reasonable challenge as to the correctness of the landlord's current income and expense statements. Under the circumstances here disclosed, the matter is remitted to the commission for further consideration, with the direction that the landlord's prior application for an increase in rent be transmitted to the accounting division (see Commission's Manual of Internal Procedures Bulletin #86, Suppl. #1, revised April 1/53, re § 33[5].6); that the tenants' answers, summarized as to any statements which affect the accounting process, be forwarded to the accounting division (see Manual, re § 33[5].7); and that a hearing be granted if the same becomes necessary for the parties adequately to present their case on any sharply contested issue of relevant fact. (See Manual, re § 33[5].9; *Matter of Granville* v. *Ross,* 274 App. Div. 491, *supra*; *Matter of Monk* v. *Finkelstein,* 275 App. Div. 905.)

Order signed.