In the Matter of Julius Sarner, Petitioner, against Joseph D. McGoldrick, as State Rent Administrator, Respondent.

Supreme Court, Special Term, Kings County, February 16, 1955.

**378**

*William Friedman* for petitioner.

*Walter S. Fried* for respondent.

ARKWRIGHT, J. This is an application by a landlord to review the determination of respondent denying a certificate of eviction.

The landlord sought possession of the tenant's six-room apartment in a building containing a second six-room apartment and a store in which the landlord maintains a business. He made application for the apartment in question under section 55 of the State Rent and Eviction Regulations, which provides for issuance of a certificate " where the landlord seeks in good faith to recover possession of housing accommodations because of immediate and compelling necessity for his own personal use and occupancy ". The basis for the application is the need of the landlord in that he cannot pay the rent of the apartment in the premises which he presently occupies as a tenant at a different location, and that dispossess proceedings had been instituted against him for nonpayment. He further claims that he is in arrears on the subject premises for taxes and interest on the mortgage and has been threatened with foreclosure; his telephone has been shut off, and he has had checks from the lighting company and for fuel oil returned for insufficient funds. He requested a hearing at which he might submit evidence.

The local rent administrator denied the application for failure to establish immediate and compelling necessity. Respondent denied petitioner's protest, stating '' Although the landlord may be proceeding in good faith, he has failed to establish the existence of an immediate and compelling necessity. The landlord has failed to establish a financial inability to meet his current obligations.''

It appears from the record that petitioner purchased the subject premises in 1946 and that in February, 1954, the tenant was notified to look for an apartment. In March, 1954, a dispossess proceeding was commenced by the landlord against petitioner and, in the same month, petitioner filed his application for a certificate of eviction.

While a hearing is not mandatory but discretionary with respondent (*Matter of Mouakad* v. *Ross,* 274 App. Div. 74) where, as here, the petitioner requested a hearing to furnish proof of hardship amounting to an immediate and compelling necessity, it would seem appropriate that a hearing should be granted before respondent denied the protest and found that the '' landlord had failed to establish a financial inability to meet his current obligations.'' If such hearing had been accorded, petitioner might have been able to establish the fact that he has suffered '' severe financial reverses,'' that dispossess proceedings had been instituted against him for nonpayment of rent, that he is behind in his taxes and interest on the subject premises and that foreclosure has been threatened. The difference between the rent of $132 per month which petitioner is presently obligated to pay and the $48 per month, which the tenant is paying, which the landlord might save if he is allowed to move into an apartment in the subject premises owned by him, might materially help him to pay his interest and taxes, prevent foreclosure and salvage the subject premises.

Respondent contends that financial inability of petitioner to meet his present obligations, even if true, would be insufficient to constitute an immediate and compelling necessity. In support thereof two cases are cited. (*Matter of Liddy* v. *McGoldrick,* 279 App. Div. 1062, and *Matter of Zinke* v. *McGoldrick,* N. Y. L. J., March 17, 1954, p. 7, col. 6.) The latter case cites the former to the effect that '' in Matter of Liddy v. McGoldrick, the rent administrator denied the landlord's application for a certificate of eviction based upon financial hardship.''

The application in the *Zinke* case (*supra*) merely alleged that if petitioner could obtain a certificate of eviction she could save $34.50 per month rent which she was paying for her mother's

apartment. In the *Liddy* case (*supra*) the Appellate Division reversed, without opinion, the Special Term which had reversed the determination of the rent administrator denying a certificate of eviction and granted a certificate of eviction. However, the record in the *Liddy* case shows that the administrator denied a certificate because of failure to establish good faith as well as immediate and compelling necessity, that the application for a certificate was retaliatory for the tenant's refusal to grant a 15% increase in rent and because the tenant had obtained a reduction of rent for failure of the landlord to paint. In addition, while the application was based on the need of obtaining the apartment because of increased operating costs of the property which had reduced applicant's income considerably, it was the third application filed to obtain the tenant's apartment and it was conceded that petitioner owned a summer home and several other apartments. This case does not support the principle contended for by respondent, but even were it so, it is clearly distinguishable from the present proceeding where the financial hardship may result in dispossessing petitioner from his present apartment. Further, there is no claim on the part of the tenant of bad faith or retaliation and the fact that petitioner has owned the premises since 1946 without seeking to obtain possession of an apartment therein would tend to establish his good faith in seeking possession at this time.

The motion is granted to the extent of remitting the matter to the rent commission for the purpose of having the latter take proof as to the financial situation of petitioner, the possibility of his being dispossessed, the situation with respect to arrears of taxes and interest on the subject premises and such other proof as petitioner may offer for the purpose of establishing financial hardship which may amount to an immediate and compelling necessity. The proceedings before the rent commission obviously should be expedited.

Submit order, accordingly.