In the Matter of EDWARD JAFFIN et al., Respondents, against ROBERT C. WEAVER, as State Rent Administrator, Appellant, and TOOZ REALTY CORP., Intervenor-Appellant.

First Department, February 11, 1957.

*Harold W. Grubart* for respondents.

*Beatrice Shainswit* of counsel (*Nathan Heller,* attorney), for appellant.

*Irving A. Isaacs* for intervenor-appellant.

*Per Curiam.* In this article 78 proceeding, the Administrator appeals from an order of Special Term remanding the matter to the Administrator to permit an independent examination by the tenants of the landlord's original books and records, or in the alternative for a rehearing.

This is the second article 78 proceeding involving the same issues between the same parties and concerns the competence of the Rent Administrator's auditor and the accuracy of his audit of the landlord's books and records.

The landlord made application for a rent increase, on the ground of an inadequate return and in connection therewith filed the required schedules of income and expenditures. After processing, which included an audit, an order was issued granting an increase.

The tenants then commenced an article 78 proceeding and at the conclusion thereof, Special Term remanded the matter to the Administrator to permit the petitioners to examine the auditor as to '' the bases of the conclusions reached in the audit and the methods and investigations pursued in compiling it, and for reconsideration upon the bases thereof '' [order, dated Sept. 29, 1955]. Upon remand, counsel for the tenants was afforded the opportunity to examine the Administrator's records which included the schedules filed by the landlord. Thereafter, hearings were held at which counsel cross-examined the auditors concerning their work in the matter. Upon the conclusion of the hearings, the Administrator reaffirmed his prior decision and issued the order under review.

This proceeding followed, in which Special Term again remanded the matter to the Administrator to permit an independent examination by the tenants of the landlord's books and records, or a reaudit and rehearing, citing *Matter of Granville v. Ross* (274 App. Div. 491) as authority.

An independent audit may be necessary in instances where substantial issues of fact as to the propriety of relevant and seriously disputed items are raised and not adequately disposed of by the audit (*Matter of Granville v. Ross, supra*). It is, however, a drastic remedy and justifiable only in extreme circumstances, which do not exist here.

From the record we find that the Administrator adopted standard accounting practices which are contained in the Manual of Internal Procedures, and that the audit was properly performed pursuant thereto. For example, of the major expenditures, the fuel charges were verified by checks and receipted bills; leasing and management fees were only permitted at the recognized real estate board rate; expenditures for painting of the exterior and public portions of the building as well as for boiler repairs were amortized over a four-year period. All these items and many more were analyzed and apportioned as directed by the manual. We must conclude that the Administrator complied fully with the directions contained in the order dated

198

September 29, 1955. The hearings disclosed nothing to indicate that the audit was inadequate or improper, or that the order issued by the State Rent Administrator was arbitrary, unreasonable or capricious.

We see no basis for permitting the tenants to make their own independent audit and examination of the landlord's books. A hopelessly chaotic condition would arise and applications for hardship increases would never terminate, were tenants permitted to examine an owner's books and records in every proceeding. It is to avoid such disorderly methods, as well as to provide tenants unable to afford the facilities for comprehensive audits, that the Administrator is provided, at public expense, with a staff of trained accountants. That way both landlords and tenants are protected in rent increase and other applications under the emergency rent laws and regulations. (*Matter of Mouakad* v. *Ross*, 274 App. Div. 74, 76; *Matter of Mathieu* v. *Abrams*, 286 App. Div. 234.)

The order of Special Term dated May 22, 1956, should therefore be reversed and the petition dismissed, with costs.

BREITEL, J. P., RABIN, FRANK and VALENTE, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, the determination of the State Rent Commission reinstated, and a final order is directed to be entered dismissing the proceeding herein.