■ In the Matter of PIERINO GRAZIOSI, Petitioner, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, Respondent.— Mahoney, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, inter alia, disqualified petitioner from future participation in the Medicaid program.

Petitioner, a physician, was a Medicaid provider. For the period March 1981 to March 1982, respondent audited petitioner's records to determine his compliance with applicable Medicaid provider requirements. Respondent determined that petitioner had billed for 1,975 Medicaid patients during the

audit period. It then selected 100 sample cases and determined that overpayments had occurred in 85 of those cases. The total overpayment was computed by dividing the overpayments in the 85 sample cases by 100, the total number of sample cases, and then multiplying the result by 1,975, the total number of petitioner's Medicaid patients. Using this extrapolation, respondent determined that petitioner was overpaid $19,335.25. Respondent then notified petitioner of its determination to disqualify him from the Medicaid program because of unacceptable practices and to disallow $19,335.25 in Medicaid payments, plus interest.

Following a hearing, an Administrative Law Judge found sufficient evidence of unacceptable practices to justify permanently disqualifying petitioner from the Medicaid program. However, he decreased the amount of overpayment to $18,377.37, finding respondent's calculation of overpayments for the sample cases to be slightly excessive. Petitioner then commenced this CPLR article 78 proceeding to challenge the determination, which has been transferred to this court for review.

Because petitioner already has withdrawn from the Medicaid program, he seeks annulment only of the finding of overpayment. Relying on this court's decision in *Matter of Allen v Commissioner of Social Servs. of State of N. Y.* (116 AD2d 35), petitioner contends that the methodology utilized by respondent to compute the amount of overpayment was arbitrary and capricious. In *Matter of Allen,* we held that sampling methods such as that employed in this case are arbitrary and capricious where adequate records for the audit period were available for review and assessment *(supra,* at 38). Respondent does not contend that petitioner's records for all Medicaid patients during the audit period were not available. Rather, respondent attempts to justify its methodology under 18 NYCRR former 515.14 (b) (3), which was not raised in *Matter of Allen.*

18 NYCRR former 515.14 (b) (3), effective at the time of the hearing herein, provided: "An extrapolation based upon a department audit utilizing a valid statistical sampling method shall be presumed in the absence of evidence to the contrary to be accurate." This regulation merely provides a presumption of validity to an extrapolation based on a valid survey. It does not, contrary to respondent's contention, authorize in the first instance the use of statistical sampling, which we have held unavailable when adequate records exist. In *Matter of Allen,* we explicitly declined to follow the rationale of the

cases cited by respondent and, in the absence of other persuasive authority or reasoning, there is no reason for us to depart from our announced position. Accordingly, the determination must be annulled insofar as it found overpayments in the amount of $18,377.37.

Determination modified, with costs to petitioner, by annulling so much thereof as required petitioner to pay restitution in the amount of $18,377.37 and interest thereon; matter remitted to respondent for further proceedings not inconsistent with this court's decision; and, as so modified, confirmed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.