■ In the Matter of MERCY HOSPITAL OF WATERTOWN, Petitioner, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, Respondent.—Mahoney, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner reimbursement under Medicaid.

Petitioner is a not-for-profit corporation which participates in the Medicaid program. Respondent audited petitioner's Medicaid receipts for emergency room cases, ordered ambulatory cases and laboratory cases from December 1, 1982 through November 30, 1984. During this period there were almost 10,000 subject cases. It selected some 400 sample cases and determined a rate of overpayment for the test group, from which a total amount of overpayment for the total number of cases was extrapolated. Respondent accordingly advised petitioner that it had received $113,708.53 in Medicaid overpayments which would have to be reimbursed. Following a hearing, an Administrative Law Judge upheld respondent's determination. Petitioner then commenced this CPLR article 78 proceeding to challenge the administrative determination.

Petitioner contends that respondent's use of the random sample audit was arbitrary and capricious because adequate records were available for review. In *Matter of Graziosi v New*

*York State Dept. of Social Servs.* (167 AD2d 793), we recently reaffirmed our position that the methodology used by respondent is arbitrary and capricious when adequate records for the audit period were available for review and analysis. Because there is no dispute here that petitioner had the necessary records available for respondent, we are of the view that annulment is required. Our position is not altered by respondent's reliance on 18 NYCRR former 515.14 (b) (3) to justify using the random sample audit *(see, supra)*, citation to other cases supporting the use of such audit methodologies *(see, supra)* and a claim of inconvenience because of the voluminous records *(see, Matter of Allen v Commissioner of Social Servs. of State of N. Y.,* 116 AD2d 35, 38). This determination makes it unnecessary for us to discuss the other issues raised.

Determination annulled, with costs, petition granted and matter remitted to respondent for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Casey, Levine, Mercure and Harvey, JJ., concur.