◼ In the Matter of MERCY HOSPITAL OF WATERTOWN, Petitioner, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, Respondent.—Mahoney, J. Proceeding pursuant to CPLR article 78 (upon remittal from the Court of Appeals) to review a determination of respondent which denied petitioner reimbursement under Medicaid.

In light of the Court of Appeals' reversal of our decision in this CPLR article 78 proceeding to review a determination of respondent which found that petitioner had received overpayments in Medicaid benefits for certain ordered ambulatory, emergency and laboratory services it provided based upon a random sample audit despite the presence of adequate records for review (169 AD2d 1009, *revd* 79 NY2d 197), we now consider the merits of the remaining bases originally propounded by petitioner which were not addressed previously. The salient facts are set forth in our prior decision *(supra).*

Initially, we reject petitioner's argument that the audit was fatally flawed by the lack of medically educated auditors and the asserted lack of objective standards by which the auditors determined whether emergency room cases were reimbursable. The auditors who did the work were trained and experienced in auditing medical records and petitioner's own expert conceded that such personnel are sufficient notwithstanding the fact that they lack a formal medical education. As regards the latter issue, a review of respondent's regulations (10 NYCRR 444.19) and its MMIS Clinic Manual reveals the presence of sufficiently definite and objective criteria that a particular visit must meet in order to qualify as a Medicaid-reimbursable emergency room visit.

We likewise find that substantial evidence supports respondent's determination disallowing reimbursement for certain emergency room visits on the ground that they were prescheduled, nonemergency visits for which reimbursement is not allowed, e.g., second visits made by a patient to the emergency room for purposes of follow-up medical treatment. The medical records for each of these disallowed cases clearly stated that the purpose of the visit was either a "return" or for

"recheck", and a review of the substantive content thereof and comparison with the original emergency room report indicates that the second visit was not for a new problem but for a recheck of the original problem. This, combined with admissions from certain of petitioner's employees that it was petitioner's policy to render medical services, emergency and nonemergency, to all individuals presenting at the emergency room, and that approximately 20% of the emergency room cases were reschedules or follow-ups, provides substantial evidence to support respondent's determination excluding these cases.

Nor do we believe that respondent erred in refusing to permit those emergency room visits which were determined to be prescheduled to be reimbursed at a lesser rate as physician office visits. Charges for physician's office services are reimbursable, *inter alia,* to one running an outpatient medical clinic and *only* if said clinic is authorized to provide such services by the Department of Health (Public Health Law §§ 2805, 2807 [1]). Here, petitioner, while it may in effect be operating a medical clinic out of its emergency room, is not *authorized* to do so by the Department of Health. To permit petitioner to obtain reimbursement for nonemergency visits by classifying them as a service for which it is unauthorized to provide is statutorily proscribed (Public Health Law § 2807 [1]), would have the undesirable effect of promoting the inappropriate practice of using an authorized emergency room as an unauthorized medical clinic and would undermine the State's legitimate interest in regulating authorized medical clinics.

Finally, we do not believe that, under the circumstances, respondent's correction of what it claims was a typographical or proofreading error in that part of the original decision which permitted petitioner to obtain reimbursement for the disallowed prescheduled emergency room visits at the lower physician's office services rate and subsequent issuance of a "corrected" decision omitting this provision is violative of the rules of administrative finality *(see, e.g., Matter of Evans v Monaghan,* 306 NY 312, 323; *People ex rel. Finnegan v McBride,* 226 NY 252, 258, 259; *Matter of D & D Realty Corp. v Coster,* 277 App Div 668; *Matter of Greystone Hotel Corp. v Coster,* 275 App Div 807, *revg* 194 Misc 432; *cf., Matter of Preston v Coughlin,* 164 AD2d 101; *Barnert v 41 Fifth Ave. Assocs.,* 158 AD2d 289, 290). In any event, because of our conclusion that petitioner is statutorily not entitled to this lesser reimbursement, any error in this regard is harmless.

Levine, J. P., Mercure, Casey and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.